# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JAMES J. DONELON,
COMMISSIONER OF INSURANCE
FOR THE STATE OF LOUISIANA

VERSUS

AMERICAS INSURANCE COMPANY

CONSOLIDATED WITH

CADENCE BANK

VERSUS

BILLY BOSTICK, IN HIS
CAPACITY AS RECEIVER FOR
ASSURANCE HOLDING
CORPORATION, ASSURE
UNDERWRITING AGENCY, AND
AMERICAN INSURANCE COMPANY

**OCTOBER 07, 2025**

---

In Re:   Cadence Bank, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 714982 c/w 717212.

---

**BEFORE:   McCLENDON, C.J., WOLFE, HESTER, GREENE, AND STROMBERG, JJ.**

**WRIT DENIED IN PART AND GRANTED IN PART.** The portions of the district court's May 28, 2025 judgment which granted the motion to strike filed by Tim Temple, Commissioner of Insurance for the State of Louisiana, in his capacity as Liquidator of Americas Insurance Company, Inc., Assure Holding Corporation, and Assure Underwriting Agency, LLC, and his duly appointed Receiver, Billy Bostick and ordered that certain persons and/or entities not be listed on the jury verdict form and rendered judgment on contribution rights is vacated. Louisiana Code of Civil Procedure article 964 provides that a court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter. Louisiana jurisprudence has consistently held that the purpose of a motion to strike is to be a means of clearing up the pleadings, not a means of eliminating causes of action or substantive allegations. **Thurman v. Aguilar,** 2021-1513 (La. App. 1st Cir. 6/22/22), 343 So.3d 806, 813, writ denied, 2022-01109 (La. 11/1/22) 349 So.3d 8. The trial court abused its discretion by granting relief that went beyond the purpose of a motion to strike. In all other respects, the writ is denied.

**CHH**
**HG**
**TPS**

**McClendon, C.J., and Wolfe, J.,** dissent and would deny the writ. The criteria set forth in **Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc.,** 396 So.2d 878 (La. 1981) (*per curiam*), are not met.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT